IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD AHLFELD,       ) | |
| ) | |
| Plaintiff       ) | |
| v.                                  ) | Case Number: 16-cv-7837 |
| ) | |
| DECORATOR'S SUPPLY HOUSE, INC., d/b/a ) | Judge: Hon. Amy J. St. Eve |
| DECORATORS SUPPLY HOUSE, MARILYN ) | |
| A. LAUGHLIN, Individually, and MICHAEL ) | Magistrate Judge: Hon. Susan E. Cox |
| JOZEFIAK, Individually,       ) | |
| ) | Jury Demanded |
| Defendants.       ) | |

**<u>MOTION FOR COURT APPROVAL OF SETTLEMENT</u>**

The Defendants, by their attorney, Gregg Minkow of Minkow & Bergman, Ltd., ask the Court to approve the tentative settlement between the Defendants and Plaintiff (the "Parties"), subject to final signature from the Parties, and find that it is a fair and reasonable resolution of a *bona fide* dispute over wages. In support of the motion, Defendants state as follows:

1. Plaintiff filed a complaint against Defendants under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*., the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.,* and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS §105/1 *et seq.*, arising out of his employment at Decorator's Supply House, Inc.

2. No motion to certify a Section 216 class has been file by the Plaintiffs and no other third parties have opted into this litigation.

3. Defendants filed a motion to dismiss Plaintiff's claims and supporting memorandum [Docket #10, 14], alleging that certain statutory provisions exempted Defendants from the operation of the above-cited statutes, which motion has not been ruled upon but which indicates the existence of a *bona fide* dispute over wages under the above-referenced statutes.

4. Following negotiations between counsel for the Defendants and counsel for Plaintiff, the Parties have tentatively reached a mutually satisfactory settlement, subject to final authorization and signature by Plaintiff, embodied in a written Settlement Agreement and Mutual Release attached hereto as **Exh. 1**.

4. When an employee brings a private action against his employer or former employer for back wages under the FLSA, Portal-to-Portal Act and IMWL, and the parties present to the District Court a proposed settlement, the District Court may enter an order dismissing the case after scrutinizing the settlement to ensure that it is a fair and reasonable resolution of a *bona fide* dispute over wages. *See, e.g., Salcedo v. D'Arcy Buick GMC, Inc.,* 2016 WL 7635882 (N.D. Ill.), at *1.

5. Upon Plaintiff's counsel confirming his authority to join in this motion, thereby rendering it a joint motion, Defendants ask the Court to approve the Settlement Agreement and Mutual Release because it is a fair and reasonable resolution of *bona fide* disputes over wages under the FLSA and other statutes sued upon, and includes a payment in consideration for Plaintiff's agreement to withdraw disputed claims and provide his general release.

WHEREFORE, Defendants respectfully request that the Court enter an Order approving the Settlement Agreement and Mutual Release, and finding it to be a fair and reasonable resolution of *bona fide* disputes under the FLSA, Portal-to-Portal Act, and IMWL.

| | |
|---|---|
| March 6, 2017 | DECORATOR'S SUPPLY HOUSE, INC., MARILYN A. LAUGHLIN, and MICHAEL JOZEFIAK, Defendants. |
| Gregg Minkow<br>Minkow & Bergman, Ltd.<br>123 N. Wacker Drive, Suite 250<br>Chicago, IL 60606<br>Phone: (847) 489-6999<br>E-Mail: gminkow@minkowbergman.com<br>Atty. ID 6181058 | By: _____s/Gregg I. Minkow_____ |

# EXHIBIT 1

## **SETTLEMENT AGREEMENT AND MUTUAL RELEASE**

**THIS SETTLEMENT AGREEMENT AND MUTUAL RELEASE** ("Agreement") is made and entered into as of the "Effective Date" set forth below, by and between RICHARD AHLFELD ("Mr. Ahlfeld"), on the one hand, and DECORATOR'S SUPPLY HOUSE, INC., d/b/a DECORATORS SUPPLY HOUSE ("Decorator's"), MARILYN A. LAUGHLIN, Individually, and MICHAEL JOZEFIAK, Individually, collectively "Employer," on the other hand, Mr. Ahlfeld and Employer collectively the "parties" (each of them a "party").

**WHEREAS**, Mr. Ahlfeld was employed by Decorator's until June 24, 2016, at which time he resigned; and

**WHEREAS,** Mr. Ahlfeld filed against Employer a lawsuit in the United States District Court for the Northern District of Illinois, Eastern Division, bearing case number 16-cv-7837 (the "Lawsuit"), alleging violations of wage and hour laws, which Employer moved to dismiss but which motion will have been rendered moot by this Agreement upon its becoming effective; and

**WHEREAS,** the parties, by entering into this Agreement, seek to settle and compromise Mr. Ahlfeld's rights and claims as stated below, whether set forth in the Lawsuit or otherwise; and

**WHEREAS**, in addition to other concessions which are set forth in this Agreement, Employer has agreed to provide financial remuneration to Mr. Ahlfeld in consideration for the releases and other covenants which are included in this document; and

**WHEREAS**, both parties wish to set forth their agreement in this document, and neither party, by signing this Agreement, admits any wrongdoing.

**NOW, THEREFORE**, in consideration of the parties' respective promises made in this

1

Agreement, and their exchange of valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

1. **TERMINATION DATE AND FINAL COMPENSATION**. Mr. Ahlfeld's last date of employment with Employer was June 24, 2016, and Mr. Ahlfeld agrees that upon payment of the Settlement Amount set forth below, he will be deemed to have received all final compensation for services performed by him through his last date of employment, and that it will be deemed no other sums are due him, whether pursuant to welfare benefit plans, pension benefit plans, insurance policies, salary, wages, sick days, vacation days, paid time off, overtime pay requirements, or otherwise.

2. **SETTLEMENT PAYMENT AND ATTORNEYS' FEES**.

(A) In consideration for the releases contained in Section 4 and the other covenants of Mr. Ahlfeld contained in this Agreement, Employer shall make a payment (the "Settlement Payment"), in the form of two (2) cashier's checks totaling Eleven Thousand Five Hundred U.S. Dollars (USD $11,500.00), allocated as follows: (a) one cashier's check in the sum of Five Thousand U.S. Dollars (USD $5,000.00) made payable to Billhorn Law Firm, from which Employer shall not withhold any sums; and (b) one cashier's check in the sum of Four Thousand Seven Hundred Eighty-Five U.S. Dollars (USD $4,785.00) made payable to Mr. Ahlfeld (representing the gross sum of $6,500.00, minus Federal income tax withholding of $975.00, Social Security tax of $403.00, Medicare tax of $94.25, and Illinois income tax withholding of $242.75). The Settlement Payment (both checks) shall be delivered to Mr. Ahlfeld's attorney, John Billhorn of Billhorn Law Firm, at 53 West Jackson Blvd., Suite 840, Chicago, IL 60604, on the first Friday which is at least eight (8) days after Mr. Ahlfeld's execution of this Agreement, provided as of that time (i) Mr. Ahlfeld shall not have rescinded his Agreement pursuant to

Section 5 below, (ii) the Lawsuit and the Complaint therein shall have been dismissed with prejudice as required by Section 4(D), below, (iii) the Court shall have entered an Order in the Lawsuit approving this Agreement as a fair and reasonable resolution of *bona fide* disputes under the federal Fair Labor Standards Act, the federal Portal-to-Portal Act, and the Illinois Minimum Wage Law, also as required by Section 4(D), below, and (iv) Mr. Ahlfeld's attorney shall have signed a letter to Employer waiving any Claims against Employer or their associated Released Parties for attorneys' fees or costs arising in connection with the Lawsuit.

(B) Mr. Ahlfeld acknowledges that in the absence of this Agreement he might not have been entitled to the above payment, and that Employer is making that payment voluntarily and in consideration for the covenants and releases by Mr. Ahlfeld in this Agreement.

3. **CONFIDENTIALITY OF COMPANY INFORMATION**. Mr. Ahlfeld shall keep confidential, not use for any purpose, and not disclose to third parties any trade secrets or confidential information of Employer, including, except to the extent publicly disclosed by Employer, the Employer's income or assets, and the identities of its customers and suppliers.

4. **MUTUAL RELEASES AND RELATED COVENANTS**.

(A) Release by Mr. Ahlfeld: For and in consideration of the payment of money stated in Section 2, above, and the respective promises of the parties under this Agreement, except as stated to the contrary below, Mr. Ahlfeld hereby waives, releases and forever discharges Employer, along with the shareholders, directors, officers, agents, attorneys, employees, benefit plan administrators, successors, and assigns, respectively, of each individual and company comprising Employer (all the persons and entities intended to be released under this paragraph collectively referred to as the "Released Parties"), from all rights, claims, charges of discrimination, duties, actions, causes of action, liabilities, debts, promises, agreements, and

3

demands whatsoever (collectively "Claims"), whether or not well founded in fact or in law, which Mr. Ahlfeld now has or ever had, or that his heirs, legatees, executors, administrators or assigns have or hereafter may have, against any of the Released Parties by reason of any matter, cause or thing whatsoever up to and including the date Mr. Ahlfeld signs this Agreement, including but not limited to any and all Claims arising out of or in connection with the employment of Mr. Ahlfeld by Employer or the termination of that employment, and including but not limited to any claims for violation of rights arising under any state, federal or local statute, rule or regulation, and specifically including but not limited to the federal Civil Rights Act of 1964 (including Title VII thereof), the federal Age Discrimination in Employment Act, the federal Older Workers Benefit Protection Act, the federal Employee Retirement Income Security Act (ERISA), the federal Fair Labor Standards Act, the federal Portal-to-Portal Act, the federal Family and Medical Leave Act, the Illinois Human Rights Act, the Illinois Minimum Wage Law, the Illinois Wage Payment and Collection Act, or the Cook County Human Rights Ordinance; any Claim of failure to provide pay at overtime rates; any Claim of discrimination on the basis of age, gender, national origin, or any other impermissible basis; any Claim of retaliatory discharge or retaliation for making a claim of unpaid wages or benefits, discrimination, or harassment; and Claim for attorneys' fees or court costs; and any Claim of breach of contract, failure to provide progressive discipline or due process, breach of any employee manual provision, promissory estoppel, defamation, interference with contractual or advantageous economic relations, fraud or misrepresentation, breach of fiduciary duty, any other tort (including negligence), or any other violation, intentional or otherwise, arising under the laws of the United States, the State of Illinois, or any other jurisdiction.

  <u>Release by Employer</u>:  For and in consideration of the above Release, and the respective

promises of the parties under this Agreement, except as stated to the contrary below, Employer hereby waives, releases and forever discharges Mr. Ahlfeld, along with his agents, attorneys, successors and assigns, from all rights, claims, actions, causes of action, liabilities, debts, promises, agreements, and demands whatsoever (collectively "Claims"), whether or not well founded in fact or in law, which Employer now has or ever had or hereafter may have against Mr. Ahlfeld for his acts or omissions up to and including the date the parties sign this Agreement, including but not limited to any and all Claims arising out of or in connection with the employment of Mr. Ahlfeld by Employer, provided, however, Mr. Ahlfeld hereby warrants and represents he has not communicated about Employer's business or practices with its customers or suppliers or their representatives since his last date of employment with Employer.

(B) *Notwithstanding the above*, this Agreement does not waive, remise, discharge or release (i) any Claims which by law cannot be waived, or (ii) any Claims created by the terms of this Agreement. However, except as otherwise stated in this Section 4, it is the intent of the parties to make the respective waivers and releases set forth in this Section 4 as broad and as general as the law permits.

(C) Further, the waivers, discharges, and releases set forth in this Section 4 apply to Claims of which the parties do not currently have knowledge, and the parties specifically waive the benefit of the provisions of all applicable state or other laws which read substantially as follows: "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him might or must have materially affected his settlement with the debtor."

(D) Mr. Ahlfeld shall cause the Lawsuit and the Complaint therein to be dismissed with prejudice and with no right to reinstate same, but with a Court finding in the Lawsuit that

approves this Agreement as a fair and reasonable resolution of *bona fide* disputes under the federal Fair Labor Standards Act, the federal Portal-to-Portal Act, and the Illinois Minimum Wage Law, upon or as soon as possible after the Effective Date hereof. Mr. Ahlfeld warrants and represents that except for the Lawsuit, he has not commenced legal proceedings or filed a charge or complaint against any of the Released Parties with any governmental agency or initiated any legal proceeding against any of the Released Parties, with respect to any matter intended to be released against that person or entity above.

5. **OPPORTUNITY TO CONSIDER, RESCIND AND CONSULT AN ATTORNEY**. Mr. Ahlfeld shall have twenty-one (21) days following his receipt of this Agreement to consider the terms of this Agreement, and if he wishes to agree to those terms, he must, within that 21-day period, (i) sign this Agreement where indicated below, (ii) initial the lower right-hand corner of each page, (iii) have his signature notarized, and (iv) cause this Agreement to be hand delivered and e-mailed, with his notarized signature, initialed pages, and signed charge withdrawal forms, to Employer's attorney at the following address:

> Gregg Minkow
> Minkow & Bergman, Ltd.
> 123 N. Wacker Drive, Suite 250
> Chicago, Illinois 60606
> gminkow@minkowbergman.com

In the event Mr. Ahlfeld signs and returns this Agreement within the above 21-day time period, he shall have seven (7) calendar days after signing to revoke or rescind his signature and his consent to the terms of this Agreement, by delivering written notice of such revocation or rescission to Employer's attorney by hand delivery and e-mail to the same street and e-mail addresses shown above. If Mr. Ahlfeld revokes his signature within the time period stated above.

AS THIS DOCUMENT CONCERNS IMPORTANT LEGAL RIGHTS, AND CONTAINS A WAIVER AND RELEASE AFFECTING MR. AHLFELD'S RIGHTS UNDER VARIOUS CIVIL RIGHTS LAWS, MR. AHLFELD ACKNOWLEDGES THAT HE HAS BEEN ADVISED TO CONSULT AN ATTORNEY CONCERNING THE TERMS AND SIGNIFICANCE OF THIS AGREEMENT BEFORE SIGNING IT.

6. **BENEFIT PLANS**. Mr. Ahlfeld acknowledges that he is not and was not a participant in any insurance, welfare benefit, or pension benefit plans through Employer.

7. **MUTUAL NON-DISPARAGEMENT.** To the extent permitted by applicable law, except in communications with their respective legal advisors or in the course of any legal proceedings between them, Mr. Ahlfeld and Employer agree not to engage in any communications, written or oral, which are disparaging or negative with respect to one another. Employer hereby also agrees that if contacted by any third party inquiring about Mr. Ahlfled's employment with Employer, Employer shall give out ONLY the following information: Mr. Ahlfeld's dates of employment, title, job duties and pay rate(s), without indicating that Mr. Ahlfeld and Employer engaged in litigation against one another. It is the intent of this provision that except as stated above, Mr. Ahlfeld and Employer shall refer to one another only in amicable or neutral ways.

8. **RETURN OF PROPERTY.** Mr. Ahlfeld warrants and represents that he has returned to Employer all property of Employer, including all keys to the store and access codes to computer hardware, software and security systems. Mr. Ahlfeld agrees and acknowledges that Employer has returned to him all property belonging to him.

9. **NON-REHIRING.**

Mr. Ahlfeld agrees that except as may be otherwise agreed in a future written instrument by Employer, Mr. Ahlfeld shall not be subject to rehiring or engagement by Employer to provide

7

goods or services, whether directly or through any employee leasing company or supplier, or by businesses under substantially the same ownership or control as any of the foregoing, and Mr. Ahlfeld shall not make application for future employment or engagement with any of the aforesaid persons or entities or shall withdraw any such application upon learning that any company is under substantially the same ownership or control as that of the Employer. Any failure by any of said entities to hire or engage Mr. Ahlfeld shall not be actionable or give rise to any remedy.

10. **NON-ASSIGNMENT AND NON-WAIVER**. Mr. Ahlfeld warrants and represents that he has not assigned to any person or entity any Claims which he purports to have waived or released under this Agreement, and he shall not assign to any third party any rights arising under this Agreement. The waiver by Employer, any Released Party, or Mr. Ahlfeld of any breach of any provision of this Agreement by the other party shall not operate or be construed as a waiver of any subsequent breach.

11. **ENTIRE AGREEMENT**.

(A) This Agreement contains all of the terms agreed upon by the parties with respect to its subject matter and supersedes all prior agreements, offers, arrangements and communications between the parties dealing with such subject matter, whether oral or written. No amendment or modification of this Agreement shall be valid or binding upon Employer or any of the other Released Parties unless made in writing and signed by all individuals and companies comprising Employer, or upon Mr. Ahlfeld unless made in writing and signed by him.

(B) Mr. Ahlfeld agrees, represents, and warrants that he has not relied (and will not have relied) upon any promise, representation, or warranty by Employer or any other person or entity in deciding to sign this Agreement, and to not rescind his signature, except any such promise,

representation, or warranty expressly made in this Agreement.

12. **BINDING EFFECT**. This Agreement shall be binding upon and shall inure to the benefit of the heirs, legatees, executors, administrators, assigns, and legal representatives of Mr. Ahlfeld.

13. **SEVERABILITY, REFORMATION AND "BLUE-PENCILING".** If any term of this Agreement shall be determined to be void or unenforceable by a court or other tribunal having proper jurisdiction, the remaining terms shall be deemed severed therefrom and shall remain intact, and the term or terms held void or unenforceable shall be deemed automatically modified, reformed or "blue-penciled" by the minimum necessary to render them enforceable under applicable law, with the precise nature and extent of such modifications, reformation and blue-penciling to be determined by a tribunal of competent jurisdiction upon proper notice and hearing.

14. **MUTUAL INDEMNIFICATION AGAINST BREACHES OF THIS AGREEMENT.** Each party, if it breaches any of the terms of this Agreement or takes action inconsistent with those terms (including but not limited to action inconsistent with the respective releases, covenants not to sue, representations and warranties set forth above), shall indemnify and hold harmless the other party, and all persons and entities which it has actually or purportedly released or discharged under this Agreement, from and against all losses, costs, damages, and attorneys' fees incurred as a result. Each person and entity actually or purportedly released or discharged under this Agreement shall be deemed a third party beneficiary for purposes of independently asserting the releases set forth in this Agreement and independently enforcing the terms of this paragraph, but except for what is stated in this sentence or as otherwise stated in this Agreement, there are no third party beneficiaries of this Agreement.

15. **RECITALS.** The Recitals set forth in this Agreement are incorporated herein by reference as additional agreements of the parties, and this Agreement shall be construed in light of them.

16. **SECTION HEADINGS AND INTERPRETATION.** Headings of the sections in this Agreement are for the convenience of the parties only and shall not be construed as affecting the terms of this Agreement or used in interpretation of the terms of this Agreement. The use of terms such as "his," "her" or "its" shall be deemed gender-neutral and apply to individual persons in all their capacities, and no party shall be deemed the principal drafter of this Agreement for purposes of construing terms against that Party.

17. **COUNTERPART AND ELECTRONIC OR FACSIMILE EXECUTION.** This Agreement may be executed in multiple counterparts, by PDF or facsimile signature communicated by electronic mail or other means, each of which shall be deemed an original, but which together shall constitute a single Agreement. All signatures required under this Agreement need not appear in the same document.

18. **GOVERNING LAW AND FORUM.** This Agreement shall be governed, construed, and enforced in accordance with Illinois law, in courts located in Chicago, Illinois, regardless of the conflicts of laws rules of any forum.

**IN WITNESS WHEREOF**, Employer and Mr. Ahlfeld have executed this Agreement individually and personally, and it shall be effective eight (8) calendar days after the day signed by Mr. Ahlfeld, below (such eighth day after signing being the "Effective Date"), provided all the conditions to payment set forth in Section 2(A), above, shall then have been satisfied, unless a rescission occurs under Section 5, above. This Agreement shall become effective only if Mr. Ahlfeld signs this Agreement within the time permitted under Section 5, above, and does not

revoke or rescind his signature within the time and in the manner allowed by Section 5, above.

**AGREED BY:**  **AGREED BY:**

_____  _____
 **MARILYN A. LAUGHLIN, Individually**  **RICHARD AHLFELD, Individually**

Signed and subscribed to before me  Signed and subscribed to before me
this \_\_\_ day of _____, 2017  this \_\_\_ day of _____, 2017

_____  _____
Notary Public  Notary Public

**AGREED BY:**

_____
 **MICHAEL JOZEFIAK, Individually**

Signed and subscribed to before me
this \_\_\_ day of _____, 2017

_____
Notary Public


**AGREED ON BEHALF OF:**
**DECORATOR'S SUPPLY HOUSE, INC.,**
**d/b/a DECORATORS SUPPLY HOUSE**

By: _____
 **MARILYN A. LAUGHLIN,**
 **Its President**

11